María Seda de Ortiz, Petitioner, *v.* District Court of Mayagüez, Respondent.

No. 1577. Argued December 18, 1944.—Decided January 15, 1945.

*Miguel A. García Méndez* and *Carlos García Méndez* for petitioner.
*Gilberto López de Victoria* for respondent judge.

Mr. Justice De Jesús delivered the opinion of the court.

Artemio Ortiz Pérez died on February 1, 1944, under an open will executed on June 23, 1938. In his will he disin-herited his only descendant, his daughter Georgina Ortiz Za-pata, born out of his first marriage, and instituted his second wife, María Seda, as his sole heir. On March 11, 1944, his testamentary heir and his aforesaid daughter entered into a contract of compromise embodied in a private instrument, which reads as follows:

"Contract of Compromise. This agreement made between María Ortiz Seda de Ortiz, of age, widow, property holder and resident of Lajas, Puerto Rico, party of the first part, and Georgina Ortiz Zapata, of age, married to Antonio Cruz, and resident of San Juan, Puerto Rico, party of the second part, witnesseth:

"1. That the party of the first part is the widow of Artemio Ortiz Pérez and the party of the second part is the daughter of said Artemio Ortiz Pérez by his first marriage to Eduarda Zapata.

"2. That with full knowledge of the last will of Artemio Ortiz Pérez, executed before Notary Leo Irizarry on June 23, 1938, by deed No. 40 and in order to avoid vexetious suits, the parties herein, have entered into the compromise hereinafter stated.

"3. That the property left by the deceased Artemio Ortiz Pérez be appraised, and after deducting his separate property, the usufruct of the surviving spouse María Seda widow of Ortiz, the debts of the conjugal partnership and her share in the community property, the balance left will pass to Georgina Ortiz Zapata.

"4. That after deducting the debts of the conjugal partnership and the separate property of her deceased husband, Artemio Ortiz Pérez, one-half of the hereditary estate together with her usufructuary share as surviving spouse shall belong to María Seda widow of Ortiz.

"5. The separate property of the deceased Artemio Ortiz Pérez will pass to his daughter Georgina Ortiz Zapata.

"6. The parties accept this document as a true and correct statement of their contract.

"San Germán, Puerto Rico, March 11, 1944.

"(Signed) María Seda widow of Ortiz, Georgina Zapata, Antonio Cruz.

"Affidavit No. 1131. Subscribed before me by doña María Seda widow of Ortiz, Georgina Zapata, and Antonio Cruz, whom I personally know, at San Germán, Puerto Rico, March 11, 1944.

"(Signed) Luisa María Capó. (A 25-cent internal revenue stamp and a notarial seal with the legend: 'Luisa María Capó, Attorney at Law—Notary of Puerto Rico' have been affixed.)"

After having executed this contract, Georgina Ortiz Zapata applied to the lower court for the judicial administration of the property left by her father. She alleged that Artemio Ortiz Pérez had died, that she was his legitimate daughter, and that even though she had been disinherited

by her father she was able to attack said disinheritance. Referring to the contract of compromise, she alleged *"that in addition to the petitioner Georgina Ortiz Zapata,* the only person interested in the succession . . . is his widow doña María Seda, a resident of Lajas, Puerto Rico."* (Italics ours.) She further alleged that the deceased had left properties subject to partition, and stated its value, nature, and location, and that the testator had not appointed an executor, or administrator, or a commissioner in partition (*contador partidor*) in the above-mentioned will. She denied, upon information and belief, the existence of debts and prayed that a judicial administrator be appointed, suggesting herself for said office "because she was the person having the greatest interest in the inheritance."

The widow moved the court to dismiss the petition for the judicial administration on the following grounds:

1. Because Georgina Ortiz Zapata lacks legal capacity to apply for a judicial administration because she is not a forced heir;

2. Because she is not one of the persons who, under the law, may apply for a judicial administration;

3. Because a judicial administration does not lie when there is a will; and

4. Because the whole estate belongs to the testamentary heir.

By stipulation of the parties approved by the court, the questions of law raised by the widow were discussed, whereupon it was agreed to postpone the hearing of the case on its merits until after the questions of law had been decided. By its logical order, the first question decided by the district court was whether Georgina Ortiz Zapata had legal capacity to apply for the appointment of a judicial administrator.

Section 556 of the Code of Civil Procedure, invoked by the lower court, provides who are the persons entitled to apply for the judicial administration of the property of a decedent, to wit: (*a*) the testamentary executor, or in case

that none has been appointed, or if the decedent left no validly executed will, (*b*) the surviving spouse, or (*c*) *any heir at law,* or (*d*) any person claiming as a testamentary heir, or (*e*) legatee, or (*f*) any unsecured creditor with written title.

The court decided that by virtue of the compromise the disinheritance had been set aside and that the petitioner had recovered her status as a forced heir and, as such, had legal capacity to apply for the judicial administration. This conclusion was based on the following reasoning:

"Although it is true that, according to the will mentioned in the petition as well as in the opposition, the petitioner was disinherited by her father, the late Artemio Ortiz Pérez, and the will is *prima facie* valid, it is no less true that by virtue of a contract of compromise executed between the petitioner Georgina · Ortiz Zapata and the intervener María Seda widow of Ortiz, the latter having been instituted as sole and universal heir in said will, *it was expressly agreed to set aside said will in its entirety, reinstating the petitioner herein by virtue thereof in all her rights concerning the property left by her father at his death as if said will had never existed.*

"Said contract of compromise was literally copied in the petition, it is subscribed before a notary and it has not been challenged by the opposing party. A contract thus subscribed has for the parties, pursuant to the provisions of § 1715 of the Civil Code, the effect of *res judicata.* . . .

"*   *   *   *   *   *   *

"*It is evident, therefore, that since this contract of compromise reinstated the petitioner in all her rights as a forced heir,* the latter has a clear right, under § 556 of the Code of Civil Procedure previously mentioned, to apply for the judicial administration of the property of the decedent Artemio Ortiz Pérez.

"If this court decided the contrary, the petitioner would be compelled to institute a proceeding for the nullity of the will which would obviously be unnecessary and academic, inasmuch as the judgment which might be rendered therein could contain no other pronouncement than what was expressly agreed by the parties in the above-mentioned contract of compromise." (Italics ours.)

The widow moved for a reconsideration, which was denied, the court stating among other reasons that:

"In so far as this agreement is concerned [the contract of compromise], it was not necessary to challenge or deny the validity of the will, inasmuch as according to the pleadings, *it was merely agreed to disregard its provisions* in order to avoid any judicial proceeding between the petitioner and the opposing party." (Italics ours.)

We have advisedly copied the contract verbatim because it shows the error of the district court in stating that by virtue of said contract it was expressly agreed to set aside the whole will and consequently that Georgina Ortiz Zapata was reinstated in all her rights as to the property left by her father and in all her rights of a forced heir as if said will had never existed. But aside from the fact that María Seda widow of Ortiz could not legally agree to such a thing—as we shall see further on—to what she really agreed was to dispose of the property which corresponded to her as voluntary heir of her husband, retaining her share in the community property and in her usufruct as surviving spouse. Nowhere in the contract was it agreed to disregard the will or to consider it, as stated by the judge of the lower court, as if it had never existed. Much less was it agreed to reinstate the disinherited daughter to the status of a forced heir.

It can not be contended, either, that when María Seda widow of Ortiz granted her rights in the inheritance to Georgina Ortiz Zapata, she impliedly set aside the disinheritance and reinstated said daughter in all her rights as forced heir. A will is, according to Manresa, the basis and root of the testate succession and for the heirs it is the law which regulates the succession after the death of the testator. When the latter died, his widow, as voluntary heir, acquired from that moment the ownership of all the hereditary properties, and consequently she was entitled to alienate them. In effect, in the contract of compromise she

granted to Georgina Ortiz Zapata her rights in the inheritance with the exception of her usufruct as a widow, which she retained. She did not assign, under the contract, her rights as heir, and she could not assign them because said rights are not broad enough to enable her to subrogate in her status of heir a person who was not instituted as such, but on the contrary, was expressly disinherited by the testator. This is so, because pursuant to § 619 of the Civil Code, the making of the will being an absolutely personal act, can not be delegated either in whole or in part, nor can the permanency of the appointment of heirs or legatees be left to the discretion of a third person.[1]  To this effect Scaevola in his work on the Civil Code, vol. XII, p. 185, says:

"Sections 669 and 670 are grounded on various reasons, Section 671 being an exception to what the latter prescribes; but, in the last analysis, the three Sections agree as to the idea and necessity that the will should be executed exclusively by the testator, *without third persons, whether strangers or beneficiaries under the will,* sharing the rights that the law grants to the testator."

Evidently María Seda widow of Ortiz is fully entitled to waive the inheritance, but she has no authority to consent that the will be set aside and considered as if it had never existed. If the will were considered as nonexistent, from where would she derive the authority to dispose of the hereditary estate in favor of Georgina Ortiz?

Nor did the heir instituted as such agree to set aside the disinheritance; but even if she had agreed to that, it would have been void. The annulment of a disinheritance may be accomplished only by the reconciliation of the offender and the one offended, Civil Code, § 781, or by a judicial proceeding when the disinheritance was made without disclosing

---

[1] Section 620 contains an exception to this rule which reads thus:

"The testator may intrust to a third person the distribution of the sums he may leave in general to specified classes, such as relatives, the poor, or charitable institutions, and also the designation of the persons or institutions to which sums are to be applied."

the reasons on which it was grounded, or when disclosing a reason the truth of which, if contradicted, should not be proved, or which should not be one of the grounds provided by law. By setting aside a disinheritance the designation of heir is annulled only in so far as it prejudices the person disinherited, but the legacies, advantages or extra portions, and other testamentary provisions are valid in so far as they do not prejudice the legal portion of the one who had been disinherited. Civil Code, § 776.

In the present case the disinheritance has not been set aside by the testator nor by the courts. And the fact that the disinherited person has children, if proven in the proper judicial action, will only entitle the latter, without annulling the appointment of the voluntary heir, to acquire the legal portion which would have corresponded to their mother.

The contention that in an action brought by the petitioner the judgment that might be rendered would merely uphold what was expressly agreed by the parties in the contract of compromise, is untenable, because in said contract the widow, even supposing that she could have agreed to consider the will as nonexistent, did not do so. At most she could have been compelled by the judgment to fulfill the agreement of the contract, that is, to convey to Georgina Ortiz Zapata the hereditary property, with the exception of her portion as a widow. Such a judgment would never make Georgina Ortiz a forced heir of her father.

Since Georgina Ortiz Zapata lacks legal capacity to apply for the judicial administration, the order of January 28, 1944, denying the motion for dismissal filed by María Seda widow of Ortiz, is erroneous, as well as the order of October 5, 1944, denying the motion for reconsideration. Both orders must be set aside and the case remanded to the lower court for the dismissal of the petition of Georgina Ortiz Zapata seeking the judicial administration of the estate of Artemio Ortiz Pérez.